## American Ice Company *v.* Hunter, Appellant.

*Master and servant—Contract not to continue business—Preliminary injunction—Equity.*

A preliminary injunction will not be granted on a bill in equity filed by an ice company to restrain one of its drivers from continuing in the ice business within certain limits in violation of a written agreement not to do so for a year after the termination of his employment, where the answer sets forth that although no term of employment was fixed in the written contract, the writing was signed with the understanding and agreement made at the time it was executed, that the employment should continue as theretofore, as an employment from year to year, that the defendant had been an employee of the plaintiff for more than seven years prior to signing the writing, and that prior to the expiration of the year he had been improperly discharged, without any proper or reasonable cause therefor.

Argued Dec. 16, 1914. Appeal, No. 267, Oct. T., 1914, by defendant, from decree of C. P. No. 3, Philadelphia

Co., Sept. T., 1914, No. 3116, awarding preliminary injunction in case of American Ice Company v. Richard Hunter. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for an injunction. Before FERGUSON, J.

*Error assigned* was in awarding preliminary injunction.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellant, cited: Datz v. Phillips, 137 Pa. 203; Mint's App., 128 Pa. 163; Philadelphia Towel Supply, Etc., Co. v. Weinstein, 57 Pa. Superior Ct. 290; Seward v. Shield, 9 Dist. Rep. 583; Chandler v. Chandler, 220 Pa. 311; Nafzinger v. Roth, 93 Pa. 443.

*Frank R. Savidge,* for appellee.—Erie County Milk Assn. v. Ripley, 18 Superior Ct. 29; Philadelphia Ball Club v. Lajoie, 202 Pa. 210; Philadelphia T. S. & L. Co. v. Weinstein, 57 Superior Ct. 290; Weidman v. United Cigar Stores Co., 223 Pa. 160.

OPINION BY ORLADY, J., July 12, 1915:

After a hearing on a bill and answer, without any testimony being taken, a preliminary injunction was issued, from which decree this appeal is taken. The court below held that as the answer did not deny the material allegation of the bill, it was not necessary to receive evidence as to whether the defendant had been illegally discharged from the plaintiff's employ.

The defendant was a driver of an ice wagon and served old customers and secured new ones, under the terms of a written contract which proved, inter alia, "the driver agrees that for the term of one year immediately after ceasing for any cause whatever, to be in the employ of the company, he shall not or will not engage in the ice business, either on his own account or as agent or employee

of any person or persons, corporation or corporations, by canvassing for and soliciting trade, by selling or delivering ice; by establishing or endeavoring or pretending to establish an ice route; by selling, transferring or giving to any one any right he may claim to have acquired in any ice route......"

No term of employment is fixed in the writing and it is further provided: "This agreement shall be in force as often as the driver shall be in the employ of the company, whether his employment be continuous or not."

The answer sets forth that the written contract was signed with the understanding and agreement made at the time it was executed, that the employment should continue as theretofore, as an employment from year to year; that he had been an employee of the plaintiff company for more than seven years prior to signing the written contract, and that on September 26, 1914, he was improperly discharged, without any proper or reasonable cause therefor; and further, that the persons to whom he was selling ice when the bill was filed were not customers of the plaintiff, but were parties for whom he canvassed and secured as customers since he began to sell ice for himself. We must take the facts as set out in the answer as true, and to entitle the plaintiff to this remedy he must show that it was free from fault in the controversy. The expression frequently used "with clean hands" is significant of the policy of the law, in refusing an injunction unless he who seeks relief at the hands of a chancellor shows himself ready and willing to do all that he ought in good conscience to do: Brightley's Eq., Sections 218, 220.

The averment in the answer that the agreement was executed with the understanding, that the employment should be from year to year, is material, and unless reasonable cause be shown for the discharge of the defendant, it is not entitled to enforce the terms of a contract it admits it deliberately violated. It must do equity before it can ask equity. While the averments in the bill, if tak-

en alone, would warrant the issuing of the injunction, the material facts are specifically answered and the controlling ones are denied by the defendant. Such bills are not favored by the courts and still less in equity. The propriety of granting an injunction in such cases is fully considered in Erie County Milk Association, 18 Pa. Superior Ct. 28; Philadelphia Base Ball Club v. Lajoie, 202 Pa. 210; Iron City Laundry Co. v. Leyton, 55 Pa. Superior Ct. 93; Philadelphia T. S. & Laundry Co. v. Weinstein, 57 Pa. Superior Ct. 290, and in each case the party seeking to enforce such a contract was required to come within the rule requiring conscionable conduct on his own part. The answer in this case being responsive to the bill, must be taken as true, and conclusive in favor of the defendant. As no supporting proof of the bill was adduced, it follows that the plaintiff was not entitled to the injunction.

The decree is reversed and record remitted for further hearing.