# Srolowitz *v.* Roseman, Appellant.

*Contract—Restraint of trade—Employee not to engage in same business after termination of employment—Limitation as to time and territory—Enforcibility—Equity.*

1. A contract of employment providing that the employee will not for a period of one year after the termination of the employment, enter into a similar line of business, nor enter into the employ of anyone engaged in a similar business within a city named,

is founded upon a valuable consideration, and, being limited both as to time and territory, is such a partial restraint of trade that it will be enforced by a court of equity.

*Contract—Construction—Liquidated damages—Penalty.*

2. The sum of $500 stipulated "as liquidated damages" in case an employee should enter into similar business within one year after the termination of his employment, must be held to be a penalty, and not liquidated damages.

*Equity—Injunction—Breach of contract not to engage in similar business—Penalty—Adequate remedy at law.*

3. In such a case, the mere fact that the contract provided for a penalty of $500 in case the employee should engage in similar business after the termination of his employment, does not oust the jurisdiction of a court of equity to enforce the contract.

Argued Jan. 17, 1919. Appeal, No. 116, Jan. T., 1919, by defendant, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1917, No. 4676, in Equity, granting an injunction and ordering an accounting in case of Wolf Srolowitz v. Morris Roseman. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Bill in equity for an injunction and for an accounting. PATTERSON, J., filed the following opinion:

By agreement of the parties this case came on to be heard on bill, answer and proofs. The court after hearing makes the following

FINDINGS OF FACT:

1. The plaintiff, Wolf Srolowitz, is now and has been for fifteen years engaged in the business of buying and selling veal, mutton and lamb, in the City of Philadelphia and State of Pennsylvania.

2. The defendant, Morris Roseman, was employed by the plaintiff for a number of years, and from June 8, 1916, under a written contract, the terms of which are set forth in the bill.

The fifth clause in said agreement reads as follows:

"The said Morris Roseman agrees that he will not for a period of one year after the termination of said employment, either directly or indirectly, enter into the business of buying or selling, or both, of veal, mutton or lamb, nor will he enter into the employ of anyone who shall be engaged in a similar business within the City of Philadelphia. If, however, the said Morris Roseman shall enter into such business, or become so employed, then he shall pay to the said Wolf Srolowitz the sum of Five Hundred Dollars ($500) as liquidated damages for so doing, the sum being agreed to be the amount of damages which shall be done to the said business of said Wolf Srolowitz by said act or acts."

The eighth clause provides:

"It is expressly agreed, however, that the payment of any liquidated damages under this agreement does not preclude the said Wolf Srolowitz from taking such legal action or proceedings which he may have against the said Morris Roseman in law and in equity for the breach of any covenant of this contract and the said liquidated damages shall be payment in addition to the other damages and not in substitution thereof."

The wages to the said Morris Roseman under this contract were to be $28 per week.

3. The defendant, Morris Roseman, on the 15th day of August, 1917, left the employ of the plaintiff without having given the notice required by the articles of agreement under which he was employed.

4. That the defendant, Morris Roseman, is now, and has been since August 15, 1917, engaged in the business of buying veal, mutton and lamb from butchers and selling the same to dealers in the City of Philadelphia and State of Pennsylvania.

5. The contract of June 8, 1916, between plaintiff and defendant was not terminated and ended by mutual agreement of the parties.

Other facts have been found in answer to requests, but these are the essential ones, and are here repeated in paragraphic form: Pittsburgh Stove and Range Co. v. Penna. Stove Co., 208 Pa. 37.

### CONCLUSIONS OF LAW.

1. The fifth section of the contract set forth in the second finding of fact, between the plaintiff and defendant, is founded upon a valuable consideration, and is such a partial restraint of trade, being limited both as to time and territory, as will be enforced in a court of equity.

2. The penal sum or sums named in the contract are penalties and not liquidated damages, and do not oust the jurisdiction of a court of equity.

3. The defendant is hereby enjoined and restrained from buying and selling either directly or indirectly, and from assisting or becoming interested in the furnishing or buying or selling either directly or indirectly of veal, mutton or lamb in the City of Philadelphia, State of Pennsylvania, from the date of this decree until the 15th day of August, 1918.

Let a decree be prepared in accordance with the findings of fact and conclusions of law.

*Errors assigned* were the findings of fact and conclusions of law.

*Abraham Wernick,* for appellant.—The provision for the payment of $500 must be held to be liquidated damages: Stuart v. Turner, 67 Pa. Superior Ct. 255; Mellott Heating Co. v. Mellott et al., 50 Pitts. L. J. 37.

*Thomas D. McGlathery,* for appellee.—The injunction was properly granted: American Ice Co. v. Luff, 12 D. R. 381; Knickerbocker Ice Co. v. Montgomery, 7 D. R. 463; Harbison v. Mawhinney, 8 D. R. 697; Erie Co.

Milk Assn. v. Ripley, 18 Pa. Superior Ct. 28; Pressed Steel Car Co. v. Standard Steel Car Co., 210 Pa. 464.

PER CURIAM, February 17, 1919:

We have not been persuaded that the material facts found by the learned chancellor below ought to be disturbed. They were followed by correct legal conclusions, and the decree is affirmed at appellant's costs.