## McCormick et al., Appellants, *v.* Fidelity & Casualty Co.

Argued April 12, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Spencer G. Nauman,* of *Nauman & Smith,* for appellants.—Under the facts disclosed by the record, the learned court below erred in holding that the action was premature.

The covenant to build a building was an executory contract of the principal which was breached by bankruptcy: Roehm v. Horst, 178 U. S. 1; Barton Co., 34 Fed. 517; Maynard v. Elliot, 283 U. S. 273.

The covenant to build the building was an independent obligation of the principal and not contingent on the relation of landlord and tenant: Central Trust Co. v. Chicago Auditorium, 240 U. S. 581; Oliver v. Bredl, 25 Pa. Superior Ct. 653.

The bond is an absolute undertaking to erect and complete the building and the measure of damages is the cost of completion: Loughlin v. Carey, 21 Pa. Superior Ct. 477; Kennedy v. Loose-Wiles Co., 94 Pa. Superior Ct. 602.

Plaintiffs are entitled to a cautionary judgment under the Act of June 14, 1836, P. L. 637; Watters v. Fisher, 291 Pa. 311; M. E. Church v. Equitable Surety Co., 269 Pa. 411.

*John C. Sheriff,* of *Sheriff, Lindsay, Weis & Hutchinson,* with him *Arthur H. Hull,* of *Snyder, Miller, Hull & Hull,* for appellee.—The bankruptcy of the principal and the disaffirmance by the trustee of the lease of real estate in this case did not constitute an anticipatory breach of the lease agreement: Jefferson's Case, 93 Fed.

951; Ells's Case, 98 Fed. 967; Hays's Case, 117 Fed. 879; Courtney v. Trust Co., 219 Fed. 57; Dunlap v. Lighting Co., 62 Pitts. L. J. 39; Beall v. Dushane, 149 Pa. 439, 442; Maynard v. Elliott, 283 U. S. 273.

Appellants by their written notices to the lessee and the trustee that they would not accept the trustee's disaffirmance of the lease but would continue to hold lessee for all rents, covenants, obligations and liabilities contained in the lease, elected to keep the lease and all covenants thereof in full force: MaGuire v. Johnston, 207 Pa. 592; Clavan v. Herman, 285 Pa. 120; Fairfax Textile Mills v. Feingold, 273 Pa. 73; Frank Pure Food Co. v. Dodson, 281 Pa. 125; Huessener v. Fishel, 281 Pa. 535; Roehm v. Horst 178 U. S. 1; Lippincott v. Low, 68 Pa. 314.

This suit was prematurely brought.

If appellants are entitled to recover in this action they are not entitled in any event to recover as damages more than the difference between what would have been the fair market value of the premises if the building had been erected on it, and that of the land with the present buildings thereon, or the cost of erection, whichever is less: Bigham v. Ry., 223 Pa. 106; West Chester & Phila. R. R. v. Broomal, 18 W. N. C. 44; Brown v. R. R., 29 Pa. Superior Ct. 131; Jackson v. Farrell, 6 Pa. Superior Ct. 31; Fairman v. Fluck, 5 Watts 516; Schuylkill Nav. Co. v. Thoburn, 7 W. & S. 411; German Am. T. & T. Co. v. Trust & Surety Co., 190 Pa. 247.

The buildings on the premises have not been demolished, the new one has not been erected, and appellants are therefore not entitled to recover loss of rents not actually incurred: Loughlin v. Carey, 21 Pa. Superior Ct. 477; Kennedy v. Biscuit Co., 94 Pa. Superior Ct. 602.

Appellants are not entitled to a cautionary judgment in the amount of $150,000 under the Act of June 14, 1836: M. E. Church of Franklin v. Surety Co., 269 Pa. 411.

Plaintiffs are not entitled to a judgment for want of a sufficient affidavit of defense in any event: Bigham v. Ry., 223 Pa. 106.

OPINION OF MR. JUSTICE SIMPSON, May 9, 1932:

Plaintiffs appeal from an order of the court below, discharging their rule for judgment for want of a sufficient affidavit of defense. The arguments took a wide range, but a brief statement of the facts will demonstrate that the order should be affirmed.

Plaintiffs were the owners of a plot of ground in the city of Harrisburg, with the buildings thereon erected, all of which were in the occupancy of tenants, whose leases had a number of years to run, three of them not expiring until March 31, 1934. On November 23, 1928, plaintiffs leased to Schulte-United, Inc., the whole of the property, expressly subject to the prior leases above referred to, Schulte-United, Inc., agreeing therein that "it will during the first year of its possession of the leased premises *following the termination* in whatever manner of *all* of the presently existing and outstanding leases *of any part of the leased premises,* and in any case not later than during the year beginning April 1, 1934, demolish all the buildings now erected on said demised premises, and will within the same period erect and complete, at its own cost and expense, a fireproof building *covering entirely the lot of ground hereby leased* of not less than three stories in height and basement under the whole building, suitable for use as a salesroom or salesrooms and office space, the plans and specifications for such structure to be first approved by the lessors." It will be noticed that Schulte-United, Inc., was not required to demolish the old buildings and erect a new one until possession of the whole property was acquired, and, even yet, such possession has not been obtained, and the outstanding leases have not expired.

On December 10, 1928, Schulte-United, Inc., as principal, and defendant, as surety, executed and delivered

to plaintiffs the $150,000 bond in suit. It quotes in full the foregoing article from the lease, and proceeds: "Now, therefore, the condition of the foregoing obligation is such that if the principal will, in accordance with the provisions of said article of said lease, demolish all of said buildings now standing on said premises and erect a new building thereon as provided for in said article and according to all the terms and conditions of said lease, then this obligation to be void, otherwise to remain in full force and effect." There is no other condition to the bond, and hence, since the time specified in the lease and bond for such demolition and construction has not yet elapsed, it follows that this suit, which is against the surety only, was prematurely brought, unless the other facts, now to be stated, establish an anticipatory breach of the contract, by which the surety was bound, despite the fact that it was not a party to any of those proceedings. Plaintiffs claim and defendant denies that these other facts have that effect; the court below agreed with defendant, and this is our conclusion also. The facts referred to are as follows:

On January 14, 1931, Schulte-United, Inc., was adjudged a bankrupt, and the Irving Trust Company was appointed trustee of its estate. On February 11, 1931, the trustee, as it had the right to do, elected not to be bound by the terms and conditions of the lease, and so notified plaintiffs. Assuming, but not deciding, that the effect of this notice might have resulted in an anticipatory breach by Schulte-United, Inc., of the contract to demolish the old buildings and construct the new one, clearly it did not so result in the instant case. Many authorities hold, and so far as we are aware there are none to the contrary, that whenever the unequivocal act of one of the parties evidences an intent not to fulfil his executory agreement at the time specified in it, the other party may, if he does so promptly and unequivocally, accept such breach and sue at once; but until he does accept it, the act operates as a tender only. If he does not

promptly and unequivocally accept the tender, the contract remains in full force and effect according to its terms, for the benefit of both parties to it: Zuck & Henry v. McClure & Co., 98 Pa. 541; MacGuire v. Johnston, 207 Pa. 592; Clavan v. Herman, 285 Pa. 120; Roehm v. Horst, 178 U. S. 1, 11; 6 R. C. L. 1025-6; 13 C. J. 655, section 729, and page 701, section 804; and the numerous cases cited in those authorities and in the footnotes in the digests.

In the instant case, plaintiffs expressly refused to accept the so-called anticipatory breach. On February 24, 1931, they wrote two letters, one to Schulte-United, Inc., and the other to the trustee in bankruptcy, saying that they "do not accept the disaffirmance of such lease...... and shall continue to hold the lessee [Schulte-United, Inc.] for all the rents, covenants, obligations and liabilities contained in said lease." One of the "covenants [and] obligations......contained in said lease," is, of course, the one "to demolish all the buildings now erected on said demised premises" and construct the new one, not later than during the year beginning April 1, 1934. This was, therefore, a distinct and unequivocal rejection of the tender of an anticipatory breach, even if the proceedings in bankruptcy could be held to have had that effect. Hence, as this suit is based solely on the contention that an anticipatory breach arose and still exists, because of the bankruptcy proceedings alone, it necessarily fails.

Plaintiffs further contend, however, that as they began the present suit some three weeks after the delivery of those letters, this shows their purpose to accept and act upon the alleged anticipatory breach. They cannot thus blow hot and cold at the same time. Having unqualifiedly rejected the alleged tender, it was at an end, and nothing which they could do afterwards would revive it, without the consent of both the lessee and its surety. The consent of neither is averred. Any other conclusion would necessitate conceding to plaintiffs the

right to change backwards and forwards, whenever and as often as their then present whims or fancies would seem to advise it; the others in interest being unable, meanwhile, to do anything in relation to the subject-matter of the contract.

This is not a mere question of election of remedies for an admitted breach, where an election, once made, may be changed, if the opposite party has not already acted on it. Here, the question is one of substantive rights, or rather of substantive legal relations. An anticipatory breach gives the other party the right to choose whether or not the obligation as to future performance, a substantive part of the contract, shall continue to exist, or whether that part of the contract shall at once end, exactly as an offer for a contract, in its entirety, may be accepted or rejected, and the action then taken finally determines whether or not there shall be a contract. This distinction is clearly pointed out on page 64 of the Proposed Final Draft No. 12 of the Restatement of Contracts of the American Law Institute, as follows: "A choice between remedies for an injury must be distinguished from a choice between substantive rights and privileges. An offeree has a choice between acceptance and rejection; and a single communicated expression is operative as the final and only choice. An infant has a choice, on reaching majority, between ratification and disaffirmance of his previous contract.' Again, a communicated expression is generally final. The same is true as to the ratification and disaffirmance of the unauthorized act of an agent or of a contract that is voidable for fraud. These are choices between substantive legal relations, between contract and no contract. The relation that is chosen is created by a mere expression of assent" or dissent.

It follows, that defendant cannot be held liable on the bond in suit, until and unless Schulte-United, Inc., fails to demolish the old buildings on the leased premises and to erect a new one thereon "during the first year of its

possession of the leased premises following the termination in whatever manner of all of the presently existing and outstanding leases of any part of the leased premises, and in any case not later than during the year beginning April 1, 1934," and hence the court below was correct in not entering a summary judgment at the present time. This being so, the other questions raised need not now be considered.

The order of the court below is affirmed.