Standard Dairies, Inc., Appellant, *v.* McMonagle et al.

Argued October 10, 1939.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*G. A. Troutman,* with him *J. Wesley McWilliams,* of *Wesley, Wagoner, Troutman & McWilliams,* for appellant.

*Leonard Michael Propper,* of *Price & Propper,* for appellee.

OPINION BY RHODES, J., March 2, 1940:

Plaintiff is engaged in conducting a dairy and milk distributing business in the city of Philadelphia, and defendant (Daniel S. McMonagle) was employed to serve the customers of plaintiff with milk and dairy products in the territory from Lombard Street to the Navy Yard and between the Delaware and Schuylkill rivers in that city. Defendant's employment began on April 27, 1938, and was terminated by plaintiff on January 21, 1939. When defendant entered the employ of plaintiff he executed a contract in which it was provided: "I also agree that I will not work for any competitive company or myself or sell directly or indirectly milk or milk products in the same territory covered by me either as route salesman or foreman of routes for a period of at least one year after severing relations with this Company." The contract of employment could be terminated at any time by either party.

After the termination of his employment with plaintiff, defendant, directly or indirectly, served the same route in the restricted territory as he had served while in the employ of plaintiff. On January 28, 1939, plain-

tiff notified defendant that he was committing a breach of the restrictive covenant contained in the agreement of April 27, 1938, and demanded that he immediately desist from so doing. This demand was not complied with. Plaintiff thereupon filed its bill in equity seeking to have defendant enjoined from further violations of his covenant, and thus, in effect, compelling a negative performance of it. The matter was preliminarily heard, and a temporary injunction was granted against him. Plaintiff, on March 2, 1939, with leave of court and agreement of the parties, amended its bill so as to include William and Joseph McMonagle, and to the said original bill and amended bill defendants filed their respective answers. Subsequently a hearing was had on bill and answer, and a decree nisi was entered by the chancellor dismissing plaintiff's bill. Exceptions were taken to the action of the chancellor, and hearing had before the court in banc. The exceptions were dismissed, and the decree nisi was affirmed. From this the present appeal was taken.

The chancellor stated that: "It is clear that in April, 1938, defendant Daniel S. McMonagle, entered into a valid and binding agreement with the plaintiff corporation whereby he engaged not to serve or solicit sales of milk in a certain territory within a year after the termination of his employment with the plaintiff. It is likewise clear that he has breached that agreement." Although the court said that there was a binding agreement between plaintiff and defendant, and that defendant had breached it, it concluded that plaintiff had not made out a case for equitable relief against defendant, as there was a want of mutuality in the agreement, and that it was a hard-featured contract. Although questioned by defendant, under the circumstances it was not necessary for plaintiff to take any exceptions to findings and conclusions of the chancellor; the exception to the decree was sufficient. There was nothing else to

which an exception was required. See Rules of Equity Practice of the Supreme Court, No. 69.

We are not persuaded that the court below has arrived at the correct conclusion upon the undisputed facts.

The court below obviously based its conclusions on *Iron City Laundry Co. v. Leyton,* 55 Pa. Superior Ct. 93, and *American Ice Co. v. Hunter,* 60 Pa. Superior Ct. 311. These cases, in our judgment, are distinguishable, and we think that the contract here involved is governed by *Erie County Milk Ass'n v. Ripley,* 18 Pa. Superior Ct. 28, and *Philadelphia Towel Supply & Laundry Co. v. Weinstein,* 57 Pa. Superior Ct. 290.

In *Erie County Milk Ass'n v. Ripley,* supra, plaintiff employed defendant to serve the customers of the former with milk upon one of its milk routes in the city of Erie. By one of the provisions of his contract with plaintiff, defendant agreed, for the space of one year after the termination of his contract, not to peddle or furnish milk directly or indirectly or assist or become interested in furnishing milk directly or indirectly in the city of Erie or vicinity, except to the Erie County Milk Association. Defendant, about four months after his employment, voluntarily quit the services of plaintiff, and within the prescribed period purchased a milk route, in the city of Erie, consisting of about one hundred fifteen customers whom he continued to supply up to the time of the filing of the bill. Defendant was enjoined, and the injunction was sustained by this court.

In *Philadelphia Towel Supply & Laundry Co. v. Weinstein,* supra, plaintiff, engaged in the laundry business, employed defendant on wages and commissions for a particular route, giving him a list of the names and addresses of plaintiff's customers along the route. Defendant agreed not to engage on his own account, or as agent for another, in the laundry business in the district assigned to him for one year after his employment ceased. Defendant served plaintiff for about two and

a half years, and voluntarily gave up his position. Within a few days thereafter he took employment with some competing company, and was actively engaged in the small section of the city embraced in his former route in soliciting and obtaining laundry work from the patrons of his former employer. He was given notice that he was acting in violation of his contract, and was requested to desist. This notice proved unavailing, and plaintiff filed its bill seeking to have defendant enjoined from further violations of his contract. We held that the plaintiff made out a proper case for the granting of the injunction for which he prayed, and that the learned judge below fell into error in refusing to award it.

In section 516(f), Restatement of the Law, Contracts, it is said that the following does not impose unreasonable restraint of trade unless effecting, or forming part of a plan to effect, a monopoly: "A bargain by an assistant, servant, or agent not to compete with his employer, or principal, during the term of the employment or agency, or thereafter, within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent."

The comment on this section is as follows (ch. 18, p. 1001): "A promise of a former employee will not ordinarily be enforced so as to preclude him from exercising skill and knowledge acquired in his employer's business, even if the competition is injurious to the latter, except so far as to prevent the use of trade secrets or lists of customers, or unless the services of the employee are of a unique character."

In the instant case it is to be observed, as shown by the testimony, that defendant had no customers at the inception of his employment with plaintiff. Throughout his employment with plaintiff, for a period of nine months, he became acquainted with plaintiff's customers whom it had secured. After his connection with plain-

tiff had been severed, he then solicited, directly or indirectly, the same customers of plaintiff that he had served as plaintiff's servant. It is the function of equity to prevent such conduct in violation of an express contract. As said in *Philadelphia Towel Supply & Laundry Co. v. Weinstein,* supra, 57 Pa. Superior Ct. 290, at pages 295, 296: "In the present case the defendant makes no denial that he had invaded, within the time limited, the small territory which the contract prohibited him entering for one year after he left the plaintiff's service. It cannot be successfully contended this contract should be classed with those which are void because they are in contravention of sound public policy. The acts of the defendant complained of are plainly of a kind and nature more or less injurious to the business of the plaintiff."

The contract was not unenforceable in equity for want of mutuality (*Philadelphia Towel Supply & Laundry Co. v. Weinstein,* supra, p. 294; *Philadelphia Ball Club, Limited, v. Lajoie,* 202 Pa. 210, 51 A. 973; *Clark and Clark v. Pinkerton,* 111 Pa. Superior Ct. 150, 169 A. 413), and it was manifestly not hard-featured, for it does not appear that defendant had any knowledge of the dairy business before his employment with plaintiff. His employment afforded him an opportunity to become acquainted with plaintiff's business and customers in the locality in question, and from what he had learned during that period permitted him to subsequently carry on business in opposition to that conducted by plaintiff in the restricted territory. The purpose of the agreement was to prevent that which has actually transpired as the result of defendant's conduct.

It cannot be said that the area or the time specified in the contract was unlimited; that the contract was unreasonable; or that the consideration was inadequate.

The decree of the court below refusing injunction against defendant is reversed and set aside. As more

than one year has elapsed since the date of defendant's discharge, the question of the right to an injunction has become moot since the entry of the decree in the lower court. *Clark and Clark v. Pinkerton,* supra, p. 157. Costs are to be paid by defendant Daniel S. McMonagle.