Limbach *v.* Limbach, Appellant.

Argued November 24, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*William H. Colvin,* with him *William H. Colvin, Jr., G. Dixon Shrum* and *Shrum, Harrison & Craig,* for appellants.

*Bresci R. P. Leonard,* with him *Rahauser, Van der Voort, Royston, Robb & Leonard,* for appellees.

OPINION BY DITHRICH, J., January 12, 1951:

The individual appellant, a former employe of appellees, and the corporate appellant, his present employer, have appealed from the granting of a permanent

injunction enforcing a restrictive covenant arising from the former employment.

The essential facts briefly stated are as follows. Appellant Limbach, not related in any way to appellee Limbach, was employed by appellees from on or about May 7, 1945, to on or about April 25, 1949, and has been employed by the corporate appellant since August 29, 1949. The former and the present employers are competitors in various branches of the building trade, particularly in the branch known as "slope roofing." The contract which appellees seek to enforce was entered into April 25, 1949. According to its terms, appellant Limbach agreed "not to engage either individually or as employer, sales employee, or representative, or as agent in any competitive lines of business within a twenty-five mile radius of . . . [appellees'] place of business for the period of three years *from present date* . . ." (Emphasis added.)

After leaving the employ of appellees, Limbach worked for a former partner of theirs in Washington, Pa., outside the restricted area, for four months, or until August 29, 1949, when he entered upon his present employment inside the restricted area. The litigation in the court below began with the filing of appellees' original bill of complaint October 28, 1949, and ended with the filing of the final decree July 7, 1950, a period of a little more than eight months.

Although there were seven questions which appellants stated under our Rule 22 they intended to argue, at the oral argument the only one stressed was that the chancellor erred in decreeing "that the restraint be enforced for thirty-two (32) months from service of notice of this decree." The period of restraint was reduced from three years to 32 months to give Limbach credit for the time he was employed outside the restricted area.

Appellees argue: "It is conceivable that in the circumstances and on the records of some other cases, it may occur that the restraint period is not tolled during litigation. We observe, however, that there are circumstances present here that would not make such treatment proper in this case."

We, however, have not observed any circumstances that would distinguish this case from *Clark and Clark v. Pinkerton,* 111 Pa. Superior Ct. 150, 169 A. 413, and *Standard Dairies, Inc., v. McMonagle,* 139 Pa. Superior Ct. 267, 11 A. 2d 535. In those cases this Court held that the restraint period ran from the date of the severing of relations between the employer and the employe. The decree accordingly will be modified by making the restraint effective for 32 months from August 29, 1949, instead of from July 7, 1950, the date of the filing of the final decree; and since, in the amended prayer of their bill after they had been denied a preliminary injunction, appellees specifically requested that the period be enforced for its full term exclusive of the time spent in litigation, they should pay part of the costs.

Decree modified and, as modified, affirmed. Costs to be paid by the respective parties.