## Fearing v. Quakertown Brick & Tile Co., Inc.

C. *William Freed*, for plaintiff.

*Isaac J. Vanartsdalen*, for defendant.

BIESTER, J., July 23, 1951.—The above case is before us upon preliminary objections to plaintiff's amended complaint in assumpsit. The allegations of the complaint are to the effect that plaintiff, as of September 26, 1946, and as of the present time, is the owner of a tract of ground in South Whitehall Township, Lehigh County, Pa.; that on or about September 26, 1946, 20,-000 bricks were purchased from defendant corporation to be used in the construction of a dwelling house on plaintiff's tract of land; that the bricks delivered by defendant corporation were unsuitable and unfit for the purpose for which they were purchased and have deteriorated, crumbled and fallen to pieces, resulting in a serious depreciation of the value of plaintiff's dwelling house.

The complaint sets forth three counts or causes of action. The first cause of action is to the effect that the bricks were purchased by J. L. Fearing, husband of plaintiff, now deceased. The second cause of action alleges that the bricks were purchased by one Edward R. Donald, a servant, agent and employe of plaintiff and her late husband. The third cause of action avers that Edward R. Donald was an independent contractor and that the purchase of the bricks was by Edward R. Donald in that capacity. There is attached to the third cause of action an assignment from Edward R. Donald and the Donald Realty Company, a corporation, assigning to plaintiff all claims, demands and causes of action that Edward R. Donald or the Donald Realty Company had and now has against defendant.

The basis of each cause of action is an alleged breach of an express warranty of fitness for use. This express warranty is said to have been made as to the first count, to plaintiff's husband; as to the second count, to Donald as servant, agent and employe of plaintiff and her husband, and as to the third count, to Donald as an independent contractor.

To this amended complaint defendant filed preliminary objections in the nature of a motion to strike off, and a demurrer to the third cause of action.

The motion to strike off the amended complaint attacks the joinder of the third cause of action with the first two causes of action, alleging in effect, that the third cause of action is so repugnant and dissimilar to the first two counts as to violate the spirit and intent of Pa. R. C. P. 1020.

The second reason assigned for the motion to strike off is the insufficiency of the verification attached to the amended complaint in that it fails to comply with Pa. R. C. P. 1024 (b). Plaintiff, at argument, admitted the impropriety of the verification and agreed to amend in that regard.

The demurrer alleges that the cause of action upon which plaintiff sues in the third count is not the same cause of action which accrued to her under the assignment from Donald.

In passing upon the demurrer we will treat the third count as if it were a separate action in assumpsit, since each count must be self-sufficient. So examined, we find that it is the contention of plaintiff that Donald on or about September 26, 1946, was constructing a home for plaintiff and J. L. Fearing, her husband, in South Whitehall Township, Pa. On that date Donald purchased 20,000 bricks from defendant at the price of $30 per thousand, he having informed defendant of the purpose for which they were to be used, and there having been a warranty by defendant that the bricks were in all respects fit and proper for the construction of plaintiff's home. The bricks were subsequently delivered, used in the construction of plaintiff's home, and found to be defective, as a result of which they crumbled, cracked and fell to pieces. Plaintiff then alleges that she will be compelled to spend $15,000 for the replacement and painting of the defective bricks and also alleges a depreciation in the value of her property of $15,000. For the purpose of this count, plaintiff has attached the assignment from Donald in his individual capacity and as president of the Donald Realty Company transferring his right of action against defendant.

Prior to the obtaining of the assignment there was no contractual relationship between plaintiff and defendant under this third count. Plaintiff was the owner, Donald was the contractor and defendant was the so-called material man. It was this evident lack of privity which probably induced plaintiff to obtain the assignment from Donald in order to attempt to perfect the third cause of action. It would, therefore, appear that whatever right plaintiff has for instituting

the third cause of action must arise out of the assignment since no such right existed prior to the assignment.

It is crystal clear that the rights of an assignee rise no higher than those of the assignor: Robert Horwath's Sons, Inc. v. Boortsales, 134 Pa. Superior Ct. 320; Camenisch et al. v. Allen et al. 158 Pa. Superior Ct. 174; First National Bank of Bangor v. Bangor Trust Co., 297 Pa. 115; A. L. I. Restatement of the Law of Contracts §167.

In order to determine, therefore, whether plaintiff has the right to bring such a cause of action as it set forth in the third count, we look to the status of the parties prior to the assignment and inquire whether Donald had the right to bring such an action against the brick company. Certainly he could not have done so. The damages claimed are those of the owner of the house and not the person who built it. If it depreciated in value, the owner suffered the loss and not the contractor. Not having had the right prior to the assignment to have brought suit of the nature contemplated by the third count, and not having acquired the right of action for the damages claimed by means of the assignment, it follows that plaintiff has not set forth a sustainable cause of action in the third count.

It may be that Donald had a right of action against defendant, which right has been transferred to plaintiff by the assignment. In sustaining the demurrer, therefore, we are affording plaintiff the opportunity of amending the third count in order that the proper measure of damages under the assignment may be pleaded.

Since, under the theory of plaintiff derived from the pleading, the brief and argument, it would appear unlikely that plaintiff will avail herself of the opportunity of amendment as to the third count; and since, if she does so, the question raised as to the propriety of

the joinder will be somewhat altered, dependent upon the nature of the pleading under the third count, we are not now passing upon the first assigned reason under the motion to strike off. Plaintiff, however, is afforded the opportunity of amending her verification.

And now, to wit, July 23, 1951, in accordance with the views herein expressed, defendant's demurrer to the third cause of action is sustained, leave, however, being granted to plaintiff to amend the third cause of action within 20 days from the date hereof. Upon failure to do so, judgment is entered in favor of defendant and against plaintiff as to the third cause of action set forth in the amended complaint. Plaintiff shall, within 20 days hereof amend the verification to the amended complaint and in the event of failing to do so, the motion to strike off the amended complaint is sustained.