## Kleinwaks v. Shiner (No. 2)

*Martin A. Kutler*, for plaintiff.
*Wallace C. Worth, Jr.*, for defendant.

KOCH, J., April 15, 1957.—Plaintiff is engaged in the wholesale and retail sale and distribution of ice cream and allied products and is the owner of trucks designed and equipped for the purpose of vending ice cream on a neighborhood basis.

On April 1, 1955, plaintiff and defendant entered into a written agreement whereby one of plaintiff's trucks was leased to defendant who agreed to sell Penguin ice cream exclusively and pay a stipulated weekly truck rental. It also contained a provision whereby defendant, who was referred to as a dealer and independent contractor, covenanted that he would not, for a period of five years after the termination of the agreement, engage in a similar business within 100 miles of the City of Bethlehem.

It is undisputed that in April 1956, defendant sold ice cream from a refrigerated truck in the City of Bethlehem in direct violation of the covenant. Plaintiff filed a complaint in equity requesting that defend-

ant be restrained from selling ice cream and allied products in violation of the agreement. Testimony was taken and a preliminary injunction was entered as prayed for except that the area to be covered by the injunction was reduced to include only the City of Bethlehem. The parties agreed that the testimony taken at the hearing on the preliminary injunction be regarded by the court as the testimony to be considered in the final determination of the issue.

From the pleadings filed and testimony taken, we find the following as

### Findings of Fact

1. Plaintiff, Eugene Kleinwaks, trading as Penguin Ice Cream, entered into a contract with defendant, William Shiner, on April 1, 1955, which contained the following restrictive covenant:

"15. Dealer covenants and agrees that he will not, for a period of five (5) years after the termination of this Agreement, either directly or indirectly enter into the business of buying, selling or distributing ice cream or allied products within a 100 mile radius of Bethlehem, Pennsylvania; nor will he enter into the employ of anyone, other than Penguin, who shall engage in a similar business within a radius of 100 miles of Bethlehem, Pennsylvania."

2. That plaintiff exercised no control over the activities of defendant.

3. That plaintiff did not at any time give the defendant special training nor reveal trade secrets.

4. That plaintiff at no time furnished the names of customers to defendant.

5. That the persons who were solicited by defendant were the customers of defendant.

6. That defendant sold and distributed ice cream and allied products supplied by plaintiff from plaintiff's truck from on or about April 1, 1955, to September 30, 1955.

7. That defendant in April 1956, sold ice cream known as "Chilly Billy's Iceberg" in the City of Bethlehem in violation of the restrictive covenant.

## Discussion

Restrictive covenants not to engage in competition generally fall into two categories. First is the situation where the vendor of a going business agrees that he will not thereafter engage in competition with his vendee, and second is a covenant by an employe in an employment contract that he will not engage in a similar employment for another after termination of his particular employment. Since the issue before us in no way involves the sale of a business, we are not concerned with the principles of law applicable thereto.

We cannot conclude that defendant was an employe for several reasons. A reading of the written agreement persuades us that plaintiff did nothing more than furnish a truck to defendant and agree to supply him with various types of ice cream and dairy products. Paragraph 5 of the agreement provides that defendant should pay a weekly rental of $40 for the truck and, in addition thereto, four cents per mile for each mile traveled. Another paragraph provided that defendant, who was referred to as a "dealer", was to pay for all oil and gasoline necessary for the operation of the truck. Finally, the agreement clearly stipulated in paragraph 14 as follows:

"It is the intention and understanding of the parties hereto that dealer shall be an independent contractor and not an agent, servant, workman or employee of Penguin."

It is true that we are not bound by any language which the parties may have adopted to describe their legal relationship, but the testimony indicates that plaintiff did not retain the right to direct the manner

in which the business was to be done nor the result to be accomplished.

If the "employer" has only the right to reject or accept the final fruits of this "employe's" acts, then such employe is not a servant but an individual contractor: Long v. Eastern Paving Co., 295 Pa. 163. See generally 27 Am. Jur. 486, Independent Contractors, §6; 35 Am. Jur. 448, Master and Servant, §5.

While defendant may well be classified as an independent contractor who merely rented a truck and bought ice cream from plaintiff, we believe, nevertheless, that the principles applicable to the master-servant relationship must govern this case.

Section 516, Restatement of the Law of Contracts, sets forth six instances where bargains do not impose unreasonable restraint of trade unless effecting or forming part of a plan to effect a monopoly. The present bargain is covered by §516(f) as follows:

"A bargain by an assistant, servant, or agent not to compete with his employer, or principal, during the term of the employment or agency, or thereafter, within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent."

The comment on the foregoing clause is as follows:

"A promise of a former employee will not ordinarily be enforced so as to preclude him from exercising skill and knowledge acquired in his employer's business, even if the competition is injurious to the latter, except so far as to prevent the use of trade secrets or lists of customers, or unless the services of the employee are of a unique character."

In determining the reasonableness of the restraint, the equities between employer and employe must be carefully weighed and considered. Thus, the relative

hardship imposed upon the employe by the enforcement of the agreement must be weighed against the desirability of protecting the employer's particular property interest from injury: Keeler v. Taylor, 53 Pa. 467: Philadelphia Towel Supply & Laundry Co. v. Weinstein, 57 Pa. Superior Ct. 290.

The testimony clearly demonstrates that plaintiff furnished no list of customers to defendant as was the factual situation in Philadelphia Towel Supply & Laundry Co. v. Weinstein, supra, where the restrictive covenant not to compete was enforced. Here defendant simply rented a truck and the success of his business was dependent upon his own sales ability and in that respect must be distinguished from Standard Dairies v. McMonagle, 139 Pa. Superior Ct. 267, where defendant became acquainted with plaintiff's customers. The technique employed by defendant in the case at bar was to drive the ice cream truck to a given neighborhood and cause a bell on the vehicle to be rung. Customers would then approach the driver and make purchases. The testimony of defendant in this regard is as follows:

"Q. Will you explain to the Court just how this business is carried on, physically? Just what do you do?

"A. I get an ice cream truck, and you have to have ice cream to peddle it. You go from street to street ringing the bell, stopping, and people come out.

"Q. Do you ring doorbells?

"A. No.

"Q. What bell?

"A. Bell on the truck.

"Q. Do you have any particular customer that you are going to?

"A. No, I don't.

"Q. Who do you sell to?

"A. Sell to different people, different nationalities, different races, whoever is interested in buying ice cream.

"Q. Whoever hears your bell?

"A. Yes, young and regardless of age."

It is also true that we cannot conceive that any trade secrets were imparted to defendant and while defendant received sales suggestions from Penguin he was not the beneficiary of a training course. We regard the case at bar as being governed by Iron City Laundry Co. v. Leyton, 55 Pa. Superior Ct. 93. There Leyton was employed as a driver collector of a general laundry business. He was paid a salary of $10 per week and a commission on all business handled wholly and exclusively by him. The court refused to enforce a restrictive covenant since there was no evidence tending to show that plaintiff furnished to defendant any of its own recognized customers.

An analysis of the testimony fails to demonstrate how plaintiff in any way would be injured by defendant's appearance in a given area selling the product known as "Chilly Billy's Iceberg". No attempt is made by defendant to deceive the public by a similarity in name of product and when all the facts are studied in the light of the agreement, we deem the restraint imposed upon defendant to be unreasonable. On that ground alone equitable relief could be denied: Markson Bros. v. Redick, 164 Pa. Superior Ct. 499.

The enforcement of a contract by injunction is a drastic remedy and the enforcement of its provisions should not be invoked except in a clear case: Reynolds v. Boland, 202 Pa. 642: Restatement of the Law of Contracts, §367.

We do not regard plaintiff's complaint as sufficient to grant the relief requested.

We apply to the facts found, the following

### Conclusions of Law

1. Equity has jurisdiction of the parties and the subject matter.

2. The restrictive covenant contained in the agreement is invalid and unenforceable.

3. The enforcement of the restrictive covenant would impose upon defendant an unnecessary hardship.

4. The restrictive covenant is not reasonably necessary for the protection of plaintiff's business.

### Order

And now, April 15, 1957, the preliminary injunction heretofore entered is dissolved and plaintiff's complaint dismissed.