## Foley v. Foley, Appellant.

*Husband and wife—Support and maintenance—Decree in equity —Custody of children.*

Where a decree in equity in a suit brought by a wife against her husband for support and maintenance provides for a money payment by the husband and the execution of mutual releases and deeds by husband and wife, the husband will not be excused from paying the amount of money provided by the decree because his

wife refused to permit him to see his children in violation of an agreement of counsel made on the same day that the decree was entered. The husband can raise the question of his right to see the children by writ of habeas corpus.

Argued March 8, 1916. Appeal, No. 6, March T., 1916, by defendant, from decree of C. P. Lackawanna Co., Oct. T., 1913, No. 12, on bill in equity in case of Bertha Foley v. B. E. Foley. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction to restrain the sale of real estate, and to compel the defendant to contribute to the support of the complainant, his wife, and her children.

Motion to stay execution.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to stay execution.

*John H. Bonner*, for appellant.

*M. J. Martin*, with him *Joseph O'Brien*, for appellee.

OPINION BY HENDERSON, J., April 17, 1916:

The decree in this case was entered September 23, 1914. Under it the appellant was bound to pay to the appellee $1,000.00 within ten days and $250.00 in three months from that date. It was a part of the decree that the appellant's real estate be released from all claim for support and maintenance by the appellee and her three daughters and that on the payment of the sum decreed to be paid the appellant's land should be clear from all claim for dower or any other rights now or hereafter allowed by law to a married woman who survives her husband. And the appellee was to deliver a quitclaim deed to the appellant for the real estate held by them

jointly as well as for all other land in which the appellant had any interest when the $1,000.00 above stated was paid. By an agreement of counsel made the same day Mrs. Foley was not to attempt to take the two sons from the custody of the appellant and the latter agreed not to take any of their three girls from the custody of Mrs. Foley. The appellant was accorded the privilege of seeing his daughters at such reasonable times and places as might be agreed on and Mrs. Foley had the same privilege with reference to her two sons living with the appellant. The proceedings brought by Mrs. Foley for desertion and nonsupport were to be dismissed. The decree entered covered only the property interests of the litigants. It secured a sum for the maintenance of the complainant in the bill, and released the appellant from further liability for maintenance. Nearly five months after this decree was entered and without having paid either of the amounts decreed to be paid the appellant made application to the court to stay the collection of this sum on the ground that Mrs. Foley had refused to comply with the stipulation of counsel that he might see his children. The averment of such refusal is without time, place or circumstance and relates to a subject that was only incidental to the decree of the court. As suggested by the learned trial judge the right of the appellant to see his children can be raised at any time on a writ of habeas corpus and is not a part of the decree entered by the court. The averment set up does not present a defense to the payment of the money and the rule to stay was properly discharged.

The order is affirmed.