Commonwealth ex rel. Newman *v.* Stark, Appellant.

Argued October 18, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Joseph A. Keough,* and with him *Julius E. Levi,* for appellant.

*Arthur M. Soll,* and with him *Herman J. Thal,* for relator.

*John Monaghan,* District Attorney, and with him *Hugh D. Scott, Jr.,* Assistant District Attorney, for appellee.

OPINION BY KELLER, J., November 22, 1929:

Abraham Stark, the appellant, on July 19, 1928, secured a divorce in the State of New York from his wife, Pauline, on the ground of adultery. In the decree dissolving the marriage the court ordered that the children, Hyman and Florence, (12 and 6 years old respectively) should remain in the custody of their mother, the father to have the right to visit and see said children and talk with them at any reasonable time.

Proceedings were instituted in Philadelphia County, this State, in March, 1929, at the relation of the mother, since intermarried with Newman, the co-respondent in said divorce action, to require the appellant to contribute to the support of these children; and on March 25, 1929, the municipal court ordered him to pay the relator the sum of $10 per week for their support. Subsequently on motion of appellant this order was reconsidered and a rehearing granted. Following this re-

hearing the court directed the order to stand as made, that defendant pay five dollars weekly for the support of each child. Defendant appealed.

No testimony was taken in the court below attacking the present propriety of the decree in New York awarding the custody of these children to their mother; or questioning her fitness to take care of them, beyond the cause of divorce above referred to. The proceeding was one for support; not for the custody of children: Com. v. Demott, 64 Pa. 305, 306; Keller v. Com., 71 Pa. 413, 417.

Appellant apparently takes the position that because his wife violated her marital vows, he should not be required to contribute anything to the support of his minor children if they are placed by the decree granting the divorce in the custody of the mother. We do not so understand the law. He is their father and primarily liable for their care and maintenance. The fact that for reasons, which appealed to it, the court in New York awarded the custody of the children to the mother, did not relieve him of all responsibility for their support. As the children grow older and conditions change their welfare and best interests may require that their custody should be awarded to the father, or that their custody should be divided and one child awarded to each parent, but as long as it is determined to be for the children's good that they live with their mother, the father may be required to contribute a reasonable sum for their support. The fact that the father may have secured a judgment against the co-respondent and second husband for alienating his wife's affections is wholly foreign to the matter.

The amount of the order imposed on the appellant leads us to believe that the court below divided the responsibility of maintenance between the parents.

The order is affirmed at the costs of the appellant.