# Commonwealth ex rel. Firestone, Appellant, *v.* Firestone.

Argued November 14, 1945. Before RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (BALDRIGE, P. J., and HIRT, J., absent).

*Benjamin H. Levintow,* for appellant.
*Samuel Kagle,* for appellee.

OPINION BY ARNOLD, J., March 5, 1946:

This appeal is from an order suspending support of a three year old child because the mother took the child out of Pennsylvania, thereby depriving the father of the right of visitation.

Harriet Firestone, the relatrix-appellant, obtained an absolute divorce from Frank Firestone when their child was about eighteen months old. The divorce adjudicated that the wife was the injured and innocent spouse; and it also adjudicated that the husband was the guilty and offending spouse. Such innocent spouse is not only free to remarry but also free to live where she chooses, without regard to the accommodation or convenience of her delinquent husband who, of his own choice, disrupted both the family and their common home.

In cases involving custody of children, this court has frequently said, (a) that the only substantial consideration is the welfare of the child; (b) that as to a child of tender years such welfare is promoted by the custody of the mother, unless reason to the contrary appears; (c) and this will not be affected by the mere fact that the mother is a non-resident of the state: *Commonwealth ex rel. Lamberson v. Batyko et al.,* 157 Pa. Superior Ct. 389, 43 A. 2d 364; *Commonwealth ex rel. Stack v. Stack,* 141 Pa. Superior Ct. 147, 15 A. 2d 76; *Commonwealth ex rel.*

*Keller v. Keller,* 90 Pa. Superior Ct. 357; *Commonwealth ex rel. Black v. Black,* 79 Pa. Superior Ct. 409; *Commonwealth v. Addicks,* 5 Binney 520; Act of 1895 P. L. 316 sec. 2, 48 P.S. 92; Act of 1917, P. L. 817, 12 P.S. 1874.

A father of sufficient means must support his child, and it is not a defense that either the mother-custodian, or the child itself, has independent means. The support is to be commensurate with the means and station in life of the father.

This eighteen months old child remained with the mother at her parents'. On his writ of habeas corpus issued merely to enforce his "right of visitation", and *not* to obtain custody either because the wife was unfit or the welfare of the child improved, the court fixed definite hours each week for the father to have and to visit the child. At the same time, on the mother's application, the court decreed support of $10.00 per week against the father. Both matters were incorporated in one order: *Commonwealth ex rel. Berardino v. Berardino,* 97 Pa. Superior Ct. 380.

The relatrix had sinusitis and on advice of her physician, who testified, went to Florida for the winter, taking her child, now three years old, with her. She notified the court's parole officer that she had left. On the father's petition the court suspended "for the time being" the support *for the child* because of the *mother's* "defiance of the court" and of the "rights of the father". The mother applied for reinstatement of the order and set forth that she intended to remarry and permanently live in Florida. The court denied her petition, holding that "the removal of the child to a distant place deprived him [the father] of that right [of visitation, etc.]", and thus relieved him of that support.

We think this erroneous. His right to visitation or temporary custody is enforcible by habeas corpus. A bond may be required. But the duty of the father to support a three year old child is well nigh absolute. Here the court relieved the father of this duty to support

because of some conduct of the mother not affecting her fitness for custody. Indeed, we held in *Commonwealth ex rel. Newman v. Stark,* 97 Pa. Superior Ct. 166, that where a husband divorced his wife in New York State for adultery, and where that court awarded custody to the mother who thereafter married the co-respondent, the courts of Pennsylvania will not relieve the father of the support of the child. Custody and support are two different things. If this mother, by depriving the father of the right of visitation, *were* guilty of contempt of court (which we do not hold), it could subject her, but never the child, to penalties; and it does not relieve the father of the duty to support the child under circumstances such as these. Suspension of an order of support is not a substitute for attachment for contempt nor for habeas corpus.

The order of the court below is reversed. The order of June 19, 1944, that Frank Firestone pay $10.00 per week for the support of the minor child, Ellis M. Firestone, is reinstated as of June 8, 1945, and the defendant, Frank Firestone, is directed to pay the same, with costs.