Commonwealth ex rel. Bucciarelli *v.*
Bucciarelli, Appellant.

Argued March 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph Alessandroni,* for appellant.

*William H. Loesche, Jr.,* with him *Murdoch, Paxson, Kalish, Dilworth & Green,* for appellee.

OPINION BY ROSS, J., July 23, 1948:

This is an appeal by a father from an order for the support of his minor child, now residing in the State of Oklahoma with her mother, the divorced wife of the defendant.

The mother, Betty Bucciarelli, and the defendant were married on February 5, 1944, at Shawnee, Oklahoma, where the defendant was engaged in military service. The parties resided at Shawnee until May 5, 1945, when the defendant was sent overseas and the wife came to the home of the defendant's parents in Philadelphia, where she was joined by the defendant when he returned from overseas on January 14, 1946. On March 14, 1947, the wife left the home in Philadelphia and returned to Shawnee, taking with her the

daughter of the parties, Vicki Lynn, who had been born on October 28, 1946. On April 22, 1947, the wife instituted an action in divorce in the District Court of Pottawatomic County, Oklahoma, and service on the defendant—who did not appear to defend the action—was made by publication and letter. The divorce was granted on June 9, 1947.

On October 22, 1947, by petition [1] executed by the mother, an action under section 733 of the Act of June 24, 1939, P. L. 872, 18 PS 4733, which provides for the support of a child by the father if he ". . . neglects to maintain his . . . children . . .", was instituted against the defendant in the Municipal Court of Philadelphia for the support of the minor child, Vicki Lynn. After answer and hearing, an order was entered against the defendant requiring him to pay eight dollars a week for support of the child. The defendant took his appeal to this Court "because the defendant-appellant believes that the court below did not have the legal power to enter the support order".

"The separation or divorce of a father from his wife has no effect upon the obligation to provide reasonable maintenance for children of the union, as the duty is a continuing one existing independently of the continuity of the marital status. Com. ex rel. Stack v. Stack, 141 Pa. Superior Ct. 147, 15 A. 2d 76": *Com. v. Elliott,* 157 Pa. Superior Ct. 619, 622, 43 A. 2d 630.

Section 733 of the Act of June 24, 1939 (supra) is in substance a reënactment of the Act of April 13, 1867, P. L. 78, section 1 et seq., as amended, 18 PS 1251 et seq. *Com. v. Shankel,* 144 Pa. Superior Ct. 476, 19 A. 2d 493. "The Act of 1867 says nothing about the residence or domicile of the delinquent husband; its only requirement is that he be within the Commonwealth. This means just

---

[1] The court below and the parties treated this proceeding as though the defendant had been brought into court by information, warrant and binding over, and we will so consider it.

what it says—his physical presence within the State. If he can be reached by a warrant, it is sufficient to give our courts jurisdiction and compel him to support his wife and children, without regard to his residence or settlement and without reference to where the original desertion or neglect to maintain his family took place": *Com. v. Shetzline*, 84 Pa. Superior Ct. 100, 102. Cf. *Com. ex rel. Sanders v. Sanders*, 111 Pa. Superior Ct. 202, 169 A. 470. Likewise the only jurisdictional requirement in the Act of 1939 is that the husband or father be within the limits of this Commonwealth. *Com. ex rel. Jamison v. Jamison*, 149 Pa. Superior Ct. 504, 27 A. 2d 535. In the instant case, the defendant was within the limits of this Commonwealth and it is of no consequence that the mother and the child now live in Oklahoma. *Com. ex rel. Firestone v. Firestone*, 158 Pa. Superior Ct. 579, 45 A. 2d 923. Nor does the fact that the Oklahoma court in the divorce decree awarded custody of the minor to the mother relieve the father of his liability for support of the child. *Com. ex rel. Newman v. Stark*, 97 Pa. Superior Ct. 166.

Under Oklahoma statutes, when a divorce is granted the court "shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action". Oklahoma Statutes Annotated, Title 12, section 1277. After awarding custody of Vicki Lynn to the mother "during the minority of said child or until further order of the court" subject to the right of the father "to visit said child at reasonable times and under proper circumstances", the Oklahoma court provided in its decree of divorce that the father "shall pay to the plaintiff, through the office of the County Clerk of Pottawatomic County, the sum of $50.00 per month for the support of said child . . . during the minority of said child, or until the further order of the court".

The order for support issued by the Oklahoma court is not directly enforceable in Pennsylvania. "No state will directly enforce a duty to support created by the law of another state. .. . The duty of support is imposed by a state as an enforcement of its own public policy. Whether the duty is criminal or civil in character, its enforcement is of no special interest to other states and since the duty is not imposed primarily for the benefit of an individual, it is not enforceable elsewhere under principles of the Conflict of Laws." Restatement, Conflict of Laws, section 458 and Comment *a*. However, the defendant contends that the "court below erred in entering the order without requiring petitioner to proceed under the Full Faith and Credit provisions of the Constitution of the United States . . ."

In *Israel v. Israel*, 148 Fed. 576 (Circuit Court of Appeals, Third Circuit), it was held that one state is not required to give full faith and credit to a decree for alimony which remains subject to modification at any time in the discretion of the court, citing, inter alia, *Lynde v. Lynde*, 181 U. S. 183. "A judgment of a sister state, to be entitled to recognition and enforcement must be a final judgment, not one which is interlocutory or subject to modification by the court which rendered it": 50 C. J. S., sec. 889(3), page 478. "A valid foreign judgment for the payment of money which by the law of the state in which it was rendered is not a final judicial determination of the right to payment will not be enforced": Restatement of the Law, Conflict of Laws, section 435. The support order entered by the Oklahoma court is not a final order. By statute, the court was empowered to "modify or change" the order "either before or after final judgment", and in the decree the court made it effective only "until the further order of the court". In the discretion of the court, the amount of the support order can be raised or reduced or discharged. It is not a judgment for a sum certain

which could properly be entered and enforced in a foreign jurisdiction.

The defendant admittedly is not contributing to the support of his child and he does not question the amount of the order. The court below had jurisdiction of the proceeding, and its power to enter the order is not affected by the Oklahoma decree.

Order affirmed.