Commonwealth ex rel. Yeats *v.* Yeats, Appellant.

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Yale L. Schekter,* with him *Robert Grey Bushong,* for appellant.

*H. W. Maxmin,* with him *Jacoby & Maxmin,* for appellee.

OPINION BY RENO, J., April 10, 1951:

This is an appeal by a father from an order directing him to pay $35 per week for the support of his minor child under the Act of June 24, 1939, P. L. 872, §733, 18 P. S. §4733.

Catherine Yeats, relator, obtained a divorce from appellant on November 5, 1942. In June 1950 she instituted these proceedings for the support of their minor daughter, Nellie, now thirteen years of age. At the time of divorce mother and father entered into a written agreement whereby the child was to remain with the mother who agreed to maintain, clothe and educate her but that the child's best interests would at all times "be the determining factor in any decision as to her custody and maintenance."

Since the divorce, relator has had sole custody of the child and supported her without financial assist-

ance from appellant. The child was reared in her grandfather's home until his demise in 1947. The grandfather was head of a large and prosperous shoe business and the child enjoyed all the advantages and niceties of life including a private school education, summer camp, music, dancing lessons, and the like. His death required relator to institute economical measures. She sold the $27,000 family home and purchased a more modest residence. She has continued the employment of a housekeeper, and secured employment from which she receives $140 a month.[1] She also receives an income of $50 to $65 a month from a $25,000 trust fund created by her father, with the right to withdraw up to $1,000 a year of the principal. Both she and the child are beneficiaries under insurance policies issued to the grandfather from which they each derive monthly income of $125. When the grandfather's estate has been settled relator and her daughter will undoubtedly receive substantial awards with which we are not now concerned, as we are interested only in the parties' present financial condition.

The primary duty of support rests upon the father, and his obligation is not abrogated by divorce. *Com. ex rel. Bucciarelli v. Bucciarelli,* 162 Pa. Superior Ct. 582, 60 A. 2d 554. It is immaterial that relator has heretofore refrained from requesting support from appellant. *Com. ex rel. Kielar v. Kielar,* 160 Pa. Superior Ct. 435, 51 A. 2d 514. The pre-divorce agreement does not relieve appellant of his liability. As Judge Hirt so aptly stated in *Com. ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 88, 53 A. 2d 887: "Contracts between husband and wife, if fairly made are generally considered binding as to them. . . . This support proceed-

---

[1] We were informed at the argument that relator is no longer employed.

ing is not an action brought to enforce the performance of a contractual obligation. It is a quasi-criminal proceeding brought by the minor child in the name of the Commonwealth, though at the relation or on the information, of the child's mother. The relationship of parent and child is a status—not a property right (Com. ex rel. Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 286, 50 A. 2d 713) and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves. Com. ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284, 286, 48 A. 2d 131; Com. v. Reckefus, 92 Pa. Superior Ct. 117."

The fact that relator has an independent income is an attendant circumstance to be considered but is not a bar to compelling contribution from the father. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437, (allocatur refused Id. xxiii) ; *Com. ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923.

The sole question is the reasonableness of the support order of $35. The station in life of this child, who has been reared in luxury, is determined by the financial resources of the father and not those of the maternal grandparent. *Com. ex rel. Bowie v. Bowie,* 89 Pa. Superior Ct. 288. Appellant has remarried and has two children by his second wife. He has been self-employed as a metal broker since 1948. According to his 1949 income tax return, offered in evidence, he had a gross income from his business of $89,297.37 but a net income of only $2,681.21. He estimated his income in 1950 would be about the same. He also received approximately $1600 in 1949 from investments, and his second wife received $500 from securities owned by her. He owns a new automobile and he and his family

reside in a small apartment in one of the better apartment houses in Philadelphia.

The amount of the order for support must be fair and not a confiscatory burden upon a parent. The purpose is the support and welfare of the child, not the punishment of the father, and the order should be for an amount justified by his present earning ability, making reasonable allowance for his own living expenses. *Com. v. Cleary,* 95 Pa. Superior Ct. 592. A total income of approximately $82 per week does not warrant an order of $35 for the support of one child under the circumstances. At the argument before this Court relator's counsel agreed the order should be reduced and suggested $25. We are of the opinion that $15, in view of the record before us, is more reasonable.

The court below erred in directing that the support order be effective as of the date of the hearing. The order cannot be made retroactive but must operate only from its date. *Com. v. Ehrhart,* 118 Pa. Superior Ct. 293, 179 A. 868; *Com. ex rel. Singer v. Singer,* 128 Pa. Superior Ct. 223, 193 A. 320; *Com. v. Henderson,* 143 Pa. Superior Ct. 347, 17 A. 2d 692.

The order is reversed and the record is remanded to the court below with directions to enter an order requiring appellant to pay $15 per week beginning November 22, 1950. Costs to be paid by appellant.