## Commonwealth ex rel. Swinburne, Appellant, v. Mullen.

Argued June 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and MONTGOMERY, JJ. (WATKINS, J., absent).

*Leo H. Loffel*, with him *Alexander H. Borden*, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY ERVIN, J., September 16, 1960:

On March 3, 1955, under an agreement between the parties, the court below entered an order of $50.00 a week against Joseph William Mullen for the support of his wife, Doris A. Mullen, and three children, Ronald, Joseph and William. On January 27, 1959 a written agreement was entered into by the parties reducing the support order to $30.00 per week for two children only, Joseph and William, effective January 27, 1959, Ronald having become 18 years of age. By the agreement it was further provided that Mr. Mullen should pay $10.00 per week toward the arrearages on the original order or $40.00 per week. This agreement was later sent to the court by mail and was received by the court

below on January 23, 1960. With the agreement came a letter, addressed to Judge GILBERT of the court below, dated January 22, 1960, from Mr. Borden, attorney for Mrs. Mullen, stating that "Joseph Mullen has fallen into arrearages again for several months [under the agreement] and therefore my client wishes to issue an attachment against the said Joseph Mullen. Accordingly, I desire to file the enclosed agreement of record, and I am informed that your approval of same is required in connection with said filing." We have looked at the original agreement and so far as we can determine it was never approved by the court below. The court below elected to treat the agreement as a petition to readjust the order and listed the matter for hearing on March 1, 1960. After two continuances the case was finally heard on March 25, 1960. Mrs. Mullen, subsequently divorced and married to a man by the name of Swinburne, did not appear at the hearing. Also listed for hearing on March 25, 1960 was a petition for a writ of habeas corpus (which writ was issued August 12, 1959) and also an attachment proceeding against Mr. Mullen and his petition for credit against arrears. In his petition for the writ of habeas corpus Mr. Mullen sought full custody of his children, claiming that Mrs. Mullen was unfit to have custody. There was no sheriff's return among the papers to show that the writ of habeas corpus was ever served upon Mrs. Mullen. The court below found that it was served upon her because it was left in a mail box at her place of residence in Philadelphia. Of course this was not a proper service of the writ and we are, therefore, of the opinion that the court below had no right to enter upon a hearing of the habeas corpus proceeding. Sometime after the issuance of the writ but before its service Mrs. Mullen remarried and moved to California, where she is now living with her present husband and the children.

After the hearing the court below entered an order under date of March 25, 1960, disposing of the matters as follows: "Order vacated as to child Ronald as of October 2, 1958, and order reduced effective October 2, 1958, to $40.00 per week for wife and two children, Joseph and William.

"Order vacated as to wife as of January 30, 1959, and order reduced effective January 30, 1959, to $20.00 per week for two children, Joseph and William.

"Order last stated and arrears are suspended pending appearance of ex-wife, Doris A. Swinburne, and production by her of children, Joseph and William, in this court in response to writ of habeas corpus issued August 12, 1959. Notify parties and counsel."

The suspension of the order because of Mrs. Swinburne's failure to appear and produce the children in response to a writ of habeas corpus which was never served was in error. This phase of the matter is directly ruled by the case of *Com. ex rel. Firestone v. Firestone*, 158 Pa. Superior Ct. 579, 45 A. 2d 923, in a unanimous opinion written by Judge, later Justice, ARNOLD, for this Court. The court below has asked us to overrule this case. We have given serious consideration to this request but are of the opinion that the *Firestone* opinion is based upon sound reasoning. The children should not be punished because of some conduct of the mother not affecting her fitness for custody.

In his opinion Judge GILBERT said: "Had the said new order of $20 per week for the two children not been suspended on the same day it was made, we could immediately have, under the authority of the Acts of 1957, infra, also entered an order requiring Mrs. Swinburne to produce the children in Philadelphia for periodic visitation with their father. We may also enter such an order whenever in the future the suspension may be lifted by us."

It is true that the legislature in the Acts of July 3, 1957, P. L. 457, 18 PS §4733, and July 5, 1957, P. L. 481, 18 PS §4731, provided that the court "after hearing the parties may also determine and make orders with respect to the right of parents to visit their children." In the present case, however, no order of visitation was ever made. Undoubtedly the court below could make such an order and enforce compliance therewith by contempt proceedings. These proceedings would be directed against the mother, the guilty party, and not against the innocent children. We do not agree with the conclusion of the court below that the Acts of 1957 nullify the *Firestone* decision.

The reduction of the order from $30.00 to $20.00 a week for the support of the two children was also in error. There was no petition to reduce the order before the court. The treatment of the agreement as a petition to readjust the order by the court below was in error. Upon the filing of a petition to reduce the order the court below could, of course, consider any changed circumstances and order accordingly. In such a proceeding it would be entirely proper for the court below to take into consideration the fact that the mother had remarried and moved to California with her husband, taking along the children to live in a new home, the expenses of which are either entirely or partly borne by the present husband.

Orders reversed and the record remanded to the court below for further proceedings not inconsistent with this opinion.