Mallinger *v.* Mallinger, Appellant.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Melvin Schwartz,* with him *Alexander Cooper,* and *Cooper, Goodman & Schwartz,* for appellant.

*Abraham Fishkin,* with him *Joseph D. Ripp,* for appellee.

OPINION BY ERVIN, J., December 14, 1961:

Lena Mallinger, appellee, and Isadore Mallinger, appellant, being the parents of Anita Ellen Mallinger,

then five years of age, on March 21, 1951 entered into a written agreement providing for custody of the child in the mother with rights of visitation in the father at times to be mutually agreed upon. The agreement also provided that the father should pay to the mother $25.00 per week (later increased by oral agreement to $30.00 per week) for the support of the child.

The appellant made payments until January 6, 1959 when he stopped making payments because the mother refused the right of visitation. The mother then filed a complaint in assumpsit and the father filed an answer admitting the contract and his failure to pay but excused his failure upon the breach by the mother. The court below entered judgment on the pleadings for the mother in the sum of $2,280.00.

There is a well defined principle of law that where an agreement is mutual and dependent, and one party fails to perform his part, the other may treat the contract as breached: *Camenisch v. Allen,* 158 Pa. Superior Ct. 174, 177, 44 A. 2d 309. This, however, is not the ordinary case and that principle is not applicable.

Custody of children is not a property right of the parties. The court may, if it is for the welfare of the child, enforce the bargain, but will not do so otherwise: Restatement, Contracts, §583, comment a. The duty to support a child arises not because of the contract but because of law. It arises independently and not because of the mutual promises in the agreement. As was said by Judge, later Justice, ARNOLD, "the duty of the father to support a three year old child is well nigh absolute." See *Com. ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 581, 45 A. 2d 923. In that case the court in one order decreed (1) the right of visitation to the father and (2) support of $10.00 per week against the father. The mother moved to another state and the court below suspended the order of support because of the mother's defiance of the court. We

reversed. For a similar situation see *Com. ex rel. Swinburne v. Mullen,* 193 Pa. Superior Ct. 237, 240, 163 A. 2d 920, where we said: "The children should not be punished because of some conduct of the mother not affecting her fitness for custody."

In *Foley v. Foley,* 63 Pa. Superior Ct. 69, a decree was entered where the husband was to pay $1,000.00 within ten days and $250.00 in three months from the date of the decree. The wife was to deliver a quit claim deed for jointly held real estate upon payment of the $1,000.00. By agreement of counsel made at the same time, the wife was to permit the husband to see his children at such reasonable times and places as might be agreed upon. Five months after the decree and agreement were made the husband made application to the court to stay the collection of the moneys provided for in the agreement because the wife had refused to comply with the stipulation of counsel that he might see his children. We affirmed an order made by the court below refusing such stay. We said, at page 71: ". . . the right of the appellant to see his children can be raised at any time on a writ of habeas corpus. . . ."

A father of sufficient means must support his child, and it is not a defense that either the mother-custodian, or the child itself, has independent means: *Com. ex rel. Firestone v. Firestone,* supra, at page 581.

A mother may not bargain away the right of the children of the marriage to adequate support from the father, regardless of the validity of the agreement as between the spouses themselves: *Com. ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887; 18 P.L.E., Husband and Wife, §102.

As the court below well said: "If the collateral agreement for visitation rights were to be construed as interdependent with the agreement for support the parents have constructed a contract term to limit or bargain away the right of the child to support."

We further agree with the thought expressed by the court below "that the public policy in the State of Pennsylvania requires the treatment of support of children and visitation rights as distinct problems, both of which may be enforced by proper and adequate legal action."

Judgment affirmed.

DISSENTING OPINION BY FLOOD, J.:

The "well-nigh absolute" duty of a father to support his five-year old child is enforceable at the instance of the mother, and the mother cannot bargain away her child's right or encumber it with conditions. But this is a very different thing from saying that the mother can enforce a contract for the child's support (in an amount which might be greater, or for that matter less, than a court would order) when she herself has first breached other provisions of that contract.

The case of *Foley v. Foley*, 63 Pa. Superior Ct. 69 (1916) relied upon by the majority, involved an agreement for custody made at the same time that a decree was entered determining the parties' property rights, and the court merely held that the breach of this agreement, which related to a subject "only incidental to the decree", was no defense to the enforcement of the decree.

No court order for support can be avoided by failure of the mother to allow visitation rights to the father. The cases cited by the majority go no further. They are not authority for enforcing a contract which has already been breached by the plaintiff.

The mother's right to obtain a court order for support for her child in this case seems clear and she can recover reasonable amounts which she has expended for the child's support in quantum meruit. But she

is not entitled to recover on the contract which she herself has broken.

Agreements for support, subject always to modification or even nullification by the court, if the children's rights are sacrificed, are to be encouraged. They will not be encouraged if their enforcement is to be completely one-sided.