Commonwealth *v.* Mexal, Appellant.

Argued June 12, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Colbert C. McClain,* for appellant.

*Anthony J. Caiazzo,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., September 12, 1963:

This is an appeal from an order of the County Court of Philadelphia entered against the father for the support of his four children.

The parents of the children were married in Texas in 1946 and moved to Philadelphia in 1955. The children are ages 15, 14, 12 and 9. In 1962 the wife left the common domicile in Philadelphia and took the four children with her to New Mexico, where she instituted an action under the Uniform Reciprocal Enforcement of Support Law, a part of the statutory laws of both New Mexico and Pennsylvania, alleging cruelty by her husband and asking for an order of $50 per week for the support of herself and four children.

After a hearing at which a sworn statement of the plaintiff was admitted and testimony of the defendant heard, the County Court of Philadelphia dismissed the petition for an order of support for the wife but entered an order of $25 a week against the defendant for the support of his four children. In light of the defendant's net income of $84 per week, the amount of the order was reasonable and is not questioned by him.

The defendant's position is that no order should be made against him. He contends that he supported his wife and children while they were residing with him in Philadelphia, that his wife left the common domicile without his consent and without his giving her any legal cause for leaving, that she took with her the children whose custody he is now denied and that he is willing to support his children providing they are returned to his home in Philadelphia. For the purpose of this decision, we shall assume that all of these allegations of the appellant are true, although there is evidence of a strained relationship between the parents and an admission by the defendant that he struck his wife.

The first question is whether the Uniform Reciprocal Enforcement of Support Act is limited to those cases where the husband has left the state of the common domicile or whether it applies also where the wife

has left the state of the common domicile. Although it is more frequently used in cases of wandering husbands and fathers, the law applies equally to cases where the wife and children have left the state of common domicile. There is nothing in the statute to indicate that the act is limited to the cases of deserting defendants and no cases so holding have been cited to us or found by us. The act seeks to enforce the legal duty of Pennsylvania residents to support relatives "regardless of the presence or residence of the obligee." See Uniform Reciprocal Enforcement of Support Act of May 10, 1951, P. L. 279, §4, as amended, 62 P.S. §2043.4.

In describing the purpose of the uniform act, the Chairman of the Special Subcommittee of the National Conference of Commissioners on Uniform State Laws which drafted it said: "In the first place it is not significant that this is a case of a roving wife instead of a runaway pappy. The act applies to any situation where there is a breach of a duty of support and the flight of the father is not a controlling fact." Interstate Enforcement of Family Support (The Runaway Pappy Act) by William J. Brockelbank, p. 60.

If there is a duty to support under the law of this Commonwealth, the Uniform Reciprocal Enforcement of Support Act, supra, can be used to enforce that duty. There remains, however, the question of whether under the law of this Commonwealth there is a duty upon the plaintiff to support his children away from the home which he has provided and in which he is willing to support them and from which they were taken without his consent and fault.

If a father can be reached by a warrant, it is sufficient to give our courts jurisdiction and compel him to support his wife and children, without regard to his residence or settlement and without reference to where the original desertion or neglect to maintain his family

took place. It is of no consequence that the wife and child live in another state. *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* 162 Pa. Superior Ct. 582, 585, 60 A. 2d 554 (1948) ; *Commonwealth ex rel. Shetzline v. Shetzline,* 84 Pa. Superior Ct. 100, 102 (1924) ; *Commonwealth ex rel. Sanders v. Sanders,* 111 Pa. Superior Ct. 202, 169 A. 470 (1933).

The defendant attempts to avoid his legal duty to support his children by claiming the right to their custody. The question of support and the question of custody are separate and distinct problems. *Mallinger v. Mallinger,* 197 Pa. Superior Ct. 34, 175 A. 2d 890 (1961). Liability for support does not depend upon custody. Failure of the father to have the custody of his children to which he may be legally entitled does not relieve him from liability to support them. *Commonwealth ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923 (1946). This case was decided before the Acts of July 3, 1957, P. L. 457, 18 P.S. §4733 and July 5, 1957, P. L. 481, 18 P.S. §4731 which authorizes the court to make orders of visitation in support actions brought under §731 and §733 of The Penal Code, supra. In *Commonwealth ex rel. Swinburne v. Mullen,* 193 Pa. Superior Ct. 237, 163 A. 2d 920 (1960), the argument that these acts nullified the *Firestone* decision was "given serious consideration" by this Court and rejected.

The right of a young child to support from its father "is well nigh absolute". *Commonwealth ex rel. Firestone v. Firestone,* supra, p. 581. The defendant is the father of four children. He is not supporting them. He has refused and is persisting in his refusal to support them except upon his own terms and conditions, to wit, that he be given custody of them. The duty to support children is not dependent upon custody of them. Even assuming that the mother improperly removed the children from the defendant's home

to another state, her misconduct in doing so cannot destroy the right of those children to support from their father. *Commonwealth v. Hopkins*, 241 Pa. 213, 221, 88 A. 442 (1913).

Order affirmed.