## Commonwealth v. Sipes

*Merrill W. Kerlin,* for plaintiff.

*Harold Gordon Sipes,* in propria persona.

MACPHAIL, P. J., June 5, 1967.—Theresa K. Sipes has instituted an action for nonsupport against her husband, Harold Gordon Sipes, in the Court of Quarter Sessions of Fulton County, Pa. She seeks no support for herself but does request a court order for the support of her four minor children, aged 11, 10, 8 and 5.

Defendant, proceeding in propria persona, does not deny liability for support of the children, but has offered into evidence a certified copy of a decree of divorce a mensa et thoro from the Circuit Court for Prince George's County, Md., wherein that court, as part of its decree, ordered defendant to pay his wife the sum of $40 per week "for the maintenance of the minor children of the parties". The effective date of the decree was August 24, 1966.

From the testimony in the case before us, it appears that defendant was in arrears with respect to his payments to his wife under the Maryland decree, although defendant said this was due to some confusion concerning a money order.

The issue here is whether or not the Maryland decree is a bar to the entry of an order by this court.

Pennsylvania has adopted the Uniform Support Law of May 10, 1951, P. L. 279, as amended, August 19, 1953, P. L. 1201, sec. 1, 62 PS §2043.1 et seq. In our opinion, a petition could have been filed by the prosecutrix for enforcement of the Maryland decree

under the provisions of that statute. However, it is to be noted that the act specifically states that the remedies provided thereby are in addition to, and not in substitution for, any other remedies.

In the case of Tatum v. Christman, 9 D. & C. 2d 243 (1956), the petitioner-mother, a resident of Alabama, brought an action for support, under the Act of 1951, supra, and the husband-respondent raised as a bar to the action a Florida decree which incorporated a separation agreement executed between the parties, which agreement provided for the support of minor children. The court held that it had jurisdiction to enforce a support order against a respondent living within its jurisdiction, and that an order for support from another jurisdiction was no bar. The court pointed out that defendant was not harmed, because under section 28 of the Act of 1951, supra, 62 PS §2043.28, it is provided that "No order of support issued by a court of this State when acting as a responding state, shall supersede any other order of support, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both".

Of course, the Tatum case was a case under the Act of 1951, and section 28 of the act makes a provision for what shall occur if Pennsylvania is a "responding state". The case before us is different only in that the prosecutrix instituted a new action against her husband, rather than electing to proceed under the Act of 1951. The danger inherent in the present procedure is that, theoretically, a defendant could be harassed by proceedings instituted at random by the prosecutrix and conceivably could be subject to several support orders in varying amounts. On the other hand, we are satisfied that, whether or not the provisions of section 28 of the Act of 1951 pertain to the instant

proceeding, no court would direct that defendant pay more than one support order for the same children without giving defendant credit for any payments made pursuant to any other order.

The right of young children to support from their father "is well nigh absolute": Commonwealth ex rel. Firestone v. Firestone, 158 Pa. Superior Ct. 579 (1946). Were it not for the Maryland decree, we would have no hesitancy in directing defendant to support his four children. The testimony indicates that defendant receives more than $200 every two weeks as a Staff Sergeant in the Air Force. At today's cost of living, $40 per week for the support of four children is not unconscionable. Defendant was in default of the Maryland decree at the time this action was brought, whatever the reason for that default. If we refuse to enter an order in the instant case, prosecutrix will simply be obliged to bring a proceeding under one or more provisions of the Act of 1951, or she will be obliged to have a judgment entered on the deficiency in Maryland and proceed on that judgment here. All of this will result in additional expense to defendant and will be but a delay in reaching the ultimate result. Therefore, while we do not necessarily subscribe to prosecutrix' procedure in this case, nor do we intend to bind ourselves by this ruling beyond the narrow facts of this case, we do find that the Maryland order is no bar to this proceeding, and that defendant should pay the sum of $40 per week for the support of his four minor children.

And now, June 5, 1967, for the foregoing reasons, defendant, Harold Gordon Sipes, is directed to pay to Marlin Shimer, the Support Officer for Fulton County, the sum of $40 per week for the support of his four minor children, pay the costs of this proceeding and enter into his own recognizance in the sum of $1,000 for the faithful compliance with this order.