Opinion by
Spaulding, J.,
This is an appeal by the appellant, mother of two minor children aged three and five years respectively, from a support order in the amount of $5 per week for each child entered against the appellee father by the County Court of Philadelphia. A hearing was originally held in the Superior Court of California, in which state the appellant and two children reside, and certification then forwarded to Pennsylvania pursuant to the Uniform Reciprocal Enforcement of Support Act, Act of May 10, 1951, P. L. 279, §1 et seq. (as amended), 62 P.S. §2043.1 et seq. The recommendation of the California court was that $200 per month represented reasonable support for the two children taking into consideration net earnings of the appellee of approximately $115 per week. Pursuant to the Act, a hearing was held below and the above order was entered in the amount specified. At this hearing there was uncontradicted testimony that appellee had voluntarily paid $40 per week support for the children until on or about August 5, 1966 when it was determined *568 that appellant was accepting the support money and giving it to her paramour for the support of his children. This apparently provided the motivation for the court below to disregard the recommendation of the California, court and instead enter its order of $5 per week for each child.
It is well established that a father of sufficient means must support his child, Hecht v. Hecht, 189 Pa. Superior Ct. 276,150 A. 2d 139 (1959); Commonwealth ex rel. Silverman v. Silverman, 180 Pa. Superior Ct. 94, 117 A. 2d 801 (1955), and it is no defense that either the mother who has custody of the child, or the child itself, has independent means. Mallinger v. Mallinger, 197 Pa. Superior Ct. 34, 175 A. 2d 890 (1961). In addition, parents, by their own conduct, cannot bargain away that right. Commonwealth v. Bishop, 185 Pa. Superior Ct. 362, 137 A. 2d 822 (1958); Commonwealth ex rel. Heller v. Yellin, 174 Pa. Superior Ct. 292, 101 A. 2d 452 (1953). Apparently, however, the court below concluded that the conduct of appellant abridged the duty of appellee to support the children. This is simply not the case. In Commonwealth v. Mexal, 201 Pa. Superior Ct. 457, 193 A. 2d 680 (1963), we stated: “Even assuming that the mother improperly removed the children from the defendant’s home to another state, her misconduct in doing so cannot destroy the right of those children to support from their father.” Likewise, in Commonwealth ex rel. Newman v. Stark, 97 Pa. Superior Ct. 166 (1929), this Oourt stated: “Appellant apparently takes the position that because his wife violated her marital vows, he should not be required to contribute anything to the support of his minor children if they are placed by the decree granting the divorce in the custody of the mother. We do not so understand the law. He is their father and primarily liable for their care and maintenance.” See *569 also Commonwealth v. Feree, 35 North. L.J. 121 (Q.S. Northumberland Co., 1963).
It is true that under the Uniform Reciprocal Enforcement of Support Act the courts in the responding state have the power to make an independent order fixing the amount of support different from that called for by the recommendation of the initiating state, see Davidson v. Davidson, 66 Wash. 2d 780, 405 P. 2d 261 (1965), and that in so doing the law of the responding state is controlling, 62 P.S. §2043.7. However, the fact that the mother is subject to the jurisdiction of another state does not give cause for either the creation or application of a different set of standards governing support awards. Pennsylvania law being clear in its direction that the conduct of the mother has no relevance in the determination of support for the children we see no reason for altering the recommendation of the California court regarding reasonable support. For appropriate remedial action appellee should bring the alleged misuse of support funds properly to the attention of the California court to oversee and for disposition.
The order of the court below is modified to that figure recommended by the California court, i.e., $200 per month.