## Commonwealth ex rel. Mickey, Appellant, *v.* Mickey.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward J. Tocci,* with him *Duplaga, Tocci & Palmieri,* for relatrix, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY SPAULDING, J., August 12, 1971:

Appellant Mary Alice Mickey appeals from an order entered by the Honorable J. Quint SALMON of the Court of Common Pleas of Beaver County, suspending a support order entered against her estranged husband, appellee Edward Mickey.

In October 1969, appellant filed a complaint in the Domestic Relations Court of Beaver County for support of her three daughters, ages 15, 13 and 6.[1] On December 3, 1969, a consent agreement was filed whereby appellee agreed to pay the sum of $120 per pay period (every second week) for the support of his children. Appellee ceased making payments in April 1970 and an order of attachment of wages was subsequently entered. Shortly thereafter, appellant moved with the children to Hyattsville, Maryland, apparently to accept a better position with her employer Allegheny Airlines.

In October 1970, appellee filed a petition requesting a reduction in the amount of support. A hearing was

---

[1] Although appellant had initiated a divorce action she did not seek support for herself.

held and although appellee's petition for reduction was denied[2] the original order was suspended "until the children are returned to Beaver County or mutually satisfactory visiting arrangements are made." This appeal followed.[3]

It appears from the lower court's opinion that the suspension was based solely on the fact that appellant and the children were no longer residing in Beaver County. As notes of testimony were not taken at the hearing, we are unable to undertake an independent review of the record and must rely on the lower court's summary and interpretation of the parties' testimony. The court stated:

". . . the defendant complained bitterly about the fact that his wife had moved away from Ambridge, taking the children with her, and that he was not informed of their whereabouts. . . . For all practical purposes [the move to Maryland] has destroyed the visitation privileges of the father because his work schedule does not permit the time necessary for the required travel and his automobile is not adequate for such a trip by reason of its age and poor condition.

In answer to questions from the Court, the wife-plaintiff stated that she requested the transfer to improve her financial situation. Further questions revealed that she had been earning $600.00 per month here and is earning $630.00 per month at Washington, and that her increased living expenses more than offset the increase in earnings. In answer to a direct question, she

---

[2] Any reduction in appellee's earnings was apparently the result of his decision simply to work fewer days per week. In any event, the lower court stated that the reduction was in fact not of a magnitude to warrant a modification in the support order. We agree.

[3] It must be noted that the disposition of this appeal was unduly delayed by the lower court's failure to promptly comply with Rule 46 of this Court.

denied that she requested the transfer in order to get herself and her children away from her husband. In view of all of the testimony, the Court is satisfied that the wife-plaintiff did in fact request the transfer for the purpose of avoiding contact between her and her husband and avoiding the visiting of the husband with the children.

. . .

There is nothing before the Court in this case to indicate clearly who was at fault in the separation. Furthermore, the relatrix demonstrated no sound reason whatever for her removal from the Commonwealth . . . .It is perfectly clear to this Court that the motive of the relatrix in requesting the transfer was solely to deprive her husband of the privilege of visiting his children."[4]

The lower court erred in suspending the order solely because of appellant's departure from the county and acceptance of employment elsewhere. Apparently the court concluded that the conduct of appellant abridged the duty of appellee to support the children. This is not the case.

The duty of the father to support his children is "well nigh absolute". *Commonwealth ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923 (1946). *Commonwealth ex rel. Snively v. Snively,* 206 Pa. Superior Ct. 278, 212 A. 2d 905 (1965). Ordinarily, a support order must be paid regardless of whether the wife is wrongfully denying the father's right to visitation. *Commonwealth ex rel. Crane v. Rosenberger,* 212 Pa. Superior Ct. 144 at 147. This is true even if the wife's action places her in contempt of court. *Firestone,* supra.

---

[4] Although appellant did not disobey any order of the court, we will nevertheless assume arguendo, that she "wrongfully" removed the children from the jurisdiction.

In *Commonwealth v. Mexal*, 201 Pa. Superior Ct. 457, 193 A. 2d 680 (1963), we dealt with the question of whether under the Uniform Reciprocal Enforcement of Support Act there is a duty of support on the father even where the children were taken away by the mother without his consent. We stated:

"If a father can be reached by a warrant, it is sufficient to give our courts jurisdiction and compel him to support his wife and children, without regard to his residence or settlement and without reference to where the original desertion or neglect to maintain his family took place. *It is of no consequence that the wife and child live in another state.* Commonwealth ex rel. Bucciarelli v. Bucciarelli, 162 Pa. Superior Ct. 582, 585, 60 A. 2d 554 (1948); Commonwealth ex rel. Shetzline v. Shetzline, 84 Pa. Superior Ct. 100, 102 (1924); Commonwealth ex rel. Sanders v. Sanders, 111 Pa. Superior Ct. 202, 169 Atl. 470 (1933).

. . .

"The defendant is the father of four children. He is not supporting them. He has refused and is persisting in his refusal to support them except upon his own terms and conditions. . . . The duty to support children is not dependent upon custody of them. *Even assuming that the mother improperly removed the children from defendant's home to another state, her misconduct in doing so cannot destroy the right of those children to support from their father.* Commonwealth v. Hopkins, 241 Pa. 213, 221, 88 Atl. 442 (1913)." (Emphasis added.)

We believe *Mexal* and *Firestone* are controlling.[5]

---

[5] The lower court, relying on *Com. ex rel. Timmons v. Timmons*, 161 Pa. Superior Ct. 174, 54 A. 2d 75 (1947) and *Com. ex rel. Manning v. Manning*, 89 Pa. Superior Ct. 301 (1926), states that *Firestone*, supra, does not apply. We certainly agree that dicta enunciated in those cases to the effect "that estrangement of either parent from the children is contrary to the best interests of the

The order of the court below suspending appellee's support obligation is vacated and the original order of December 3, 1969, is reinstated.

child, against public policy and to be avoided where possible" is sound. However, this principle is not relevant to the instant case as both *Timmons* and *Manning* dealt with the gravity of misconduct that would cause a parent to lose *visitation* rights. They do not involve cessation of a *support* obligation as does this appeal.