**Commonwealth v. Ladue**

*Robert G. Bigham,* Assistant District Attorney, for Commonwealth.

*John W. Phillips,* for petitioner.

MacPHAIL, P. J., April 10, 1972.—This is a proceeding under the Uniform Reciprocal Enforcement of Support Act of May 10, 1951, P. L. 279, 62 PS 2043.1, et seq. Petitioner resides in the Commonwealth of Massachusetts. Respondent is a resident of Adams County, Pa. The parties are now divorced. They have two minor children, ages 10 and 7, who reside with petitioner. Petitioner seeks $250 per month for the support of herself and her two children. There is attached to the petition a photostatic copy of an order of the State Supreme Court of New York, Onondaga County, awarding an absolute divorce to petitioner herein and further providing that respondent herein shall pay the sum of $100 per month for the support of his former wife and $75 per month for each child until that child is 21 years of age. The order also provides that defendant shall maintain his present life insurance in effect and pay certain medical bills of the children. Respondent has stipulated to the validity of the decree of the New York court.

The petition sets forth that petitioner is employed as a school teacher with earnings of $9,380 per year. The petition states that petitioner's last support from respondent was in November 1971 in the amount of $150.

Respondent testified that he has been supporting his children under the New York order in the sum of $150 per month and that his order is current. Respondent has monthly take-home pay of $1,018 and

claims monthly expenses of $996 (including $150 for the support of his children). He is employed as the Chief of Environmental Services for Capitol Engineering Corporation at an annual salary of $16,000. He has remarried and has four persons besides himself and his wife included in his present household.

Respondent argues that the New York order is a bar to this proceeding. The Commonwealth, on behalf of the petitioner, argues that the prior order is no bar to this proceeding, but admits that respondent should receive a credit on any order entered by this court for payments made under the New York order.

Several issues present themselves which must be resolved. While it may offend some principles of conflict of laws, the fact remains that merely because there is an existing order in some other jurisdiction does not bar a proceeding for support under the provisions of the Uniform Reciprocal Enforcement of Support Law, supra: Tatum v. Christmas, 9 D. & C.2d 243 (1956). In fact, the provisions of the Uniform Reciprocal Enforcement of Support Law contemplate such a possibility. See section 28, as amended, 62 PS §2043.28.

Secondly, petitioner herself would not be entitled to support in this proceeding. Section 7 of the act, 62 PS §2043.7, prescribes that the duty of support under this act is that imposed by the laws of the State where the "obligor" was present during the period for which support is sought. That section goes on to say that it shall be presumed that the obligor was present in the *responding* State during the period for which support is sought unless otherwise shown. Since, in Pennsylvania, there is no duty of support owed to a divorced wife by her former husband (Commonwealth ex rel. Bortin v. Bortin, 210 Pa. Superior Ct. 355 (1967)),

and respondent was a resident of Pennsylvania at the time this action was brought, petitioner cannot recover support for herself in this action. She may have other remedies to pursue under the New York order for her own support, but this is not one of them.

Since respondent does not contest liability for the support of his children and his duty to support them is "well nigh absolute" in any event (see Commonwealth ex rel. Firestone v. Firestone, 158 Pa. Superior Ct. 579 (1946) ), we are obliged to enter an order for the support of those children. In fixing the amount thereof, we are not limited by the New York order and must make an independent determination. Compare Commonwealth ex rel. Byrne v. Byrne, 212 Pa. Superior Ct. 566, 569 (1968).

Considering the earnings of respondent and the needs of the children, we are of the opinion that each child should receive $20 per week. The respondent, of course, will receive a credit on his New York order, which is not superseded by this order (see section 28, 62 PS §2043.28), for all payments made in this jurisdiction pursuant to this order.

## ORDER OF COURT

And now, April 10, 1972, it is ordered that defendant shall pay the sum of $20 per week for the support of each of his two minor children, Michael and Thomas; that he shall pay the sum of 20 cents per payment for the Clerk of Court costs; that he shall pay the cost of this proceeding; and that he shall enter into his own recognizance in the sum of $1,000 for faithful compliance with this order.