427 A.2d 209

**Carlene MYERS**

v.

**William YOUNG, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed March 13, 1981.

256

Arthur S. Herskovitz, Aliquippa, for appellant.

Calvin K. Williams, Carbondale, Kan., for appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Does an order of support for two children entered by a court in Virginia and subsequently suspended by the same court bar the courts of this state from hearing and deciding a petition for support forwarded by the State of Kansas under the Revised Uniform Reciprocal Enforcement of Support Act?[1] The trial court held that the Virginia order did not bar such proceedings and entered an order requiring appellant to contribute to the support of his two children. We agree and affirm.

William Young, appellant, and Carlene Myers were divorced on May 16, 1972 in Virginia. As a part of the divorce decree, custody of the parties' two children, Terri and William, was awarded to their mother, and appellant was ordered to contribute to their support. On June 13, 1977, appellant was able to obtain from the court in Virginia an order suspending the support order until such time as he was afforded rights of visitation.[2]

Appellant is now a resident of Aliquippa, Beaver County, Pennsylvania. The children are living with their mother in

1. In Pennsylvania the Revised Act is found in the Judicial Code at 42 Pa.C.S.A. § 6741 et seq.

2. The record does not disclose the factual basis, if any, for suspending the support order. The order recites, however, that after notice, the respondent failed to appear. We are unable to ascertain whether the children and their mother then continued to reside in Virginia.

Kansas, where they are receiving assistance from the Kansas State Department of Social and Rehabilitation Services. This agency was responsible for instituting proceedings in Kansas under the Revised Uniform Reciprocal Enforcement of Support Act to compel appellant to support his children. The proceedings were forwarded to and heard by the Court of Common Pleas of Beaver County, which ordered appellant to pay the sum of $100 per month for the support of his two children.

The Revised Uniform Act, 42 Pa.C.S.A. § 6770, provides in pertinent part: "A responding court shall not . . . refuse a hearing . . . because of any . . . prior action or proceeding for divorce, . . . habeas corpus, adoption, or custody in this Commonwealth or any other state. . . . If the other action or proceeding . . . and the judgment therein provides for the support demanded in the petition being heard the court must take into account in placing its support order the amount allowed in the other action or proceeding. Thereafter the court shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding."

Similarly, Section 6771 provides: "A support order made by a court of this Commonwealth pursuant to this subchapter . . . is not nullified . . . by a support order made by a court of any other state . . . regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this Commonwealth."

It seems clear from these sections that the Uniform Act did not intend an order of support entered in one state to act as a bar to the entry of an order in another state having jurisdiction. See: *Commonwealth v. Ladue*, 55 Pa.D. & C.2d 216 (C.P. Adams 1972). The courts of the other state, of course, must take into account the amount of the order entered by the initial state. However, the statute

does not require parties who no longer reside in the state where the initial order was entered to return to the courts of that state in order to obtain enforcement of a parent's duty to support a child.

The decision in *Commonwealth ex rel. Holzbaur v. Holzbaur*, 185 Pa.Super. 343, 138 A.2d 268 (1958), which seemingly reached a contrary result, is not controlling. In that case, the Court specifically observed that the proceedings being reviewed had not been brought under the Uniform Enforcement of Support Law. Also, the decision in *Commonwealth ex rel. Soloff v. Soloff*, 215 Pa.Super. 328, 257 A.2d 314 (1969), was an attempt to interpret intercounty rights under the Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431; [3] it did not pretend to determine the issue presently arising under the Revised Uniform Reciprocal Enforcement of Support Act.

The trial court properly declined to defer the entry of an order of support until satisfactory visitation rights had been established. "The duty of the father to support his children is 'well nigh absolute.'" *Commonwealth ex rel. Mickey v. Mickey*, 220 Pa.Super. 39, 42, 280 A.2d 417, 419 (1971); *Commonwealth ex rel. Firestone v. Firestone*, 158 Pa.Super. 579, 45 A.2d 923 (1946).[4] Ordinarily, the duty of support does not depend upon satisfactory visitation arrangements. Even assuming that a mother improperly has removed the children from their father's home to another state, her misconduct in doing so cannot destroy the right of the children to be supported by their father. *Commonwealth v. Mexal*, 201 Pa.Super. 457, 461, 193 A.2d 680, 682 (1963). A court order entered in another state which sets

[3]. The provisions of the Civil Procedural Support Law are now found at 42 Pa.C.S.A. § 6701 et seq.

[4]. Child support, of course, is the equal responsibility of mother and father; both are obligated to contribute to the support of their children in accordance with their respective abilities to pay. *Commonwealth ex rel. Mainzer v. Audi*, 266 Pa.Super. 122, 403 A.2d 124 (1979); *Shapera v. Levitt*, 260 Pa.Super. 447, 394 A.2d 1011 (1978). The mother's ability to contribute to the support of her children, however, is not an issue in the instant case.

off a father's right of visitation against his duty to support his children is inconsistent with the policy announced by these decisions. Contrary to appellant's argument, therefore, the suspension of the Virginia order until satisfactory visitation rights were arranged did not preclude the entry of a support order by the court in Pennsylvania.

The order is affirmed.